**[J-20-2025] [MO:Brobson, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| PUNXSUTAWNEY HUNTING CLUB, INC., AND PITCH PINE HUNTING CLUB, INC., | : | No. 23 WAP 2023 |
| | : | |
| | : | Appeal from The Order of the |
| Appellants | : | Commonwealth Court entered |
| | : | September 29, 2023, at No. 456 |
| | : | MD 2021. |
| v. | : | |
| | : | ARGUED: April 9, 2025 |
| | : | |
| PENNSYLVANIA GAME COMMISSION, AND MARK GRITZER, IN HIS OFFICIAL CAPACITY AS AN OFFICER OF THE PENNSYLVANIA GAME COMMISSION, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Appellees | : | |

## CONCURRING AND DISSENTING OPINION

**CHIEF JUSTICE TODD**                    **DECIDED: JULY 21, 2026**

I join the majority opinion but for its conclusion that Section 303(c) and 901(a)(2) of the Game and Wildlife Code[1] are *facially* unconstitutional. In my view, and contrary to the majority[2], there *are* circumstances under which the provisions may be constitutionally applied – namely, where an officer from the Pennsylvania Game Commission, under the authority of these provisions, enters onto what I refer to below as unposted land. Thus, I would hold that these provisions are unconstitutional only as applied to the facts of this case, where Appellants *have* posted their property.

---

[1] 34 Pa.C.S. §§ 303(c) and 901(a)(2).

[2] *See* Majority Opinion at 81 ("we cannot contemplate any circumstance under which Sections 303(c) and 901(a)(2) would be valid under our decision today"),

Preliminarily, I fully join the majority's determination to overrule *Commonwealth v. Russo*, 934 A.2d 1199 (Pa. 2007). I further agree with the majority's conclusion that Article I, Section 8 provides greater privacy protections to open fields than its federal counterpart, as well as its conclusion that Section 8's protections "extend[] to private land located beyond the curtilage over which the landowner has demonstrated a reasonable and legitimate expectation of privacy by taking sufficient steps to exclude intruders therefrom." Majority Opinion at 80. Given the facts and arguments in this case, the majority appropriately saves for another day the question of whether Section 8 protections extend to property with lesser demonstrations of privacy expectations. *Id.* at 80 n.24. While we may someday conclude that Section 8 protections extend to such property for the reasons that Justice Wecht sets forth in his Concurring Opinion, I stress that our decision today does not prohibit the entry of Game Commission officers onto open fields for which, for example, there is *no* affirmative demonstration by the owner of an expectation of privacy ("unposted land"). Such actions are constitutionally permissible under our decision, and so Commission officers could, under the authority of Sections 303(c) and 901(a)(2), constitutionally enter onto such lands. Accordingly, it is plain to me that Sections 303(c) and 901(a)(2) are not facially unconstitutional. *See Commonwealth v. Shifflett*, 335 A.3d 1158, 1165 (Pa. 2025) ("A statute is facially unconstitutional only where no set of circumstances exists under which the statute would be valid."). Rather, these sections are unconstitutional only as applied to entry upon lands such as Appellants' for which sufficient demonstrations of privacy expectations have been made. *See id.* (an as-applied constitutional challenge asserts that a law's "application to a particular person under particular circumstances" violates that person's constitutional right).

The sole case cited by the majority in support of its determination that Sections 303(c) and 901(a)(2) are facially unconstitutional is *Commonwealth v. Hunte*, 337 A.3d 483 (Pa. 2025), but that decision is readily distinguishable. In *Hunte*, we concluded that 75 Pa.C.S. § 3755, which authorized warrantless blood draws from motorists needing emergency medical treatment where probable cause existed to conclude the motorist had been driving under the influence, was facially unconstitutional under the Fourth Amendment to the United States Constitution. In so holding, we rejected the arguments of the Commonwealth parties that the statute was not facially unconstitutional, but was unconstitutional only as applied to the warrantless blood draws at issue in that case, because such blood draws *might* be justified under exigent circumstances, or be supported by a subsequently obtained search warrant. Specifically, we explained that blood drawn pursuant to an exigency, or pursuant to a warrant, would not be drawn under the authority of the statute: "Because Section 3755 facially requires no search warrant and no assertion of exigent circumstances, these purported justifications are 'irrelevant to our analysis because they do not involve actual applications of the statute.'" *Id.* at 515 (quoting *City of Los Angeles v. Patel*, 576 U.S. 409, 419 (2015)). Thus, we found that the Commonwealth parties' "positions reduce to the assertion that Section 3755 is constitutional only when it is not actually applied." *Id.*

By contrast, here, a Commission officer may enter onto unposted land without a warrant, and without offending our decision today, under the authority of Sections 303(c) and 901(a)(2) *because those provisions authorize such warrantless entry*.[3] That Commission officer would be acting *pursuant to* the statutes, not under "authority

---

[3] *See* 34 Pa.C.S. § 303(c) ("Every officer, employee or representative of the commission in the exercise of their powers and duties shall have the right and authority to go upon or enter any property, posted or otherwise, outside of buildings.") and 901(a)(2) (authorizing a Commission officer to "[g]o upon any land or water outside of buildings, except curtilage, posted or otherwise, in the performance of the officer's duty").

separate from the statute[s]." *Hunte*, 337 A.3d at 515. Thus, the distinctions we made in *Hunte* simply do not apply here. Because entry onto unposted land is a circumstance in which Sections 303(c) and 901(a)(2) can be constitutionally applied, they cannot be facially unconstitutional. *See Shifflett*, 335 A.3d at 1165.

Last year, a federal district court rejected a facial attack on an analogous statute within Pennsylvania's Fish and Boat Code, similarly distinguishing *Hunte*. In *Thomas v. Schaeffer*, 2025 WL 2581840 (M.D. Pa. filed Sept. 5, 2025), a waterways conservation officer repeatedly entered onto the plaintiff's land, including the curtilage of his lakeside cabin, without a warrant, and under the authority of 30 Pa.C.S. § 901. That section permits a waterways conservation officer to "[e]nter upon any land or water in the performance of their duties."[4] 30 Pa.C.S. § 901(a)(7). The plaintiff sought a declaratory judgment that the officer's entries onto his land violated his Fourth Amendment rights, and thus that the statute was unconstitutional, both facially and as-applied to him. The defendants filed motions to dismiss both claims. Finding that the Fourth Amendment clearly prohibited the officer's entry onto the curtilage of the cabin, the court denied the defendants' motion to dismiss the plaintiff's as-applied challenge. However, the court dismissed the plaintiff's facial challenge, finding that he was unable to establish that there was "no set of circumstances" under which the statute applied constitutionally. Rather, the court explained that it was "not difficult to conceive of such circumstances" given that, under the Fourth Amendment, an officer could enter onto private land "so long as he or she refrains from entering onto the curtilage area adjacent to a home." *Id.* at *6.

Moreover, the court rejected the plaintiff's argument that *Hunte* supported the viability of his facial challenge:

---

[4] Unlike 34 Pa.C.S. § 901(a)(2) which is at issue in the instant case, 30 Pa.C.S. § 901 does not exclude from an officer's entry authority the curtilage of a property.

> Unlike a waterways conservation officer's entry onto private lands, which may involve a search of unprotected open fields rather than curtilage, the nonconsensual warrantless blood draw and testing mandated by the statute in *Hunte* could never pass constitutional muster under any set of circumstances, and thus it was facially unconstitutional. *See Hunte*, 337 A.3d at 517-18.

*Id.* at *8.

I recognize that *Thomas* is not binding on this Court, and, further, that the *Thomas* court's reasoning is based on the Fourth Amendment, as opposed to Article I, Section 8. Nevertheless, its facial versus as-applied analysis is directly applicable to the instant case: a Commission officer can enter onto open fields "so long as he or she refrains from entering" onto lands posted such as Appellants' property.

However, my conclusion that Sections 303(c) and 901(a)(2) are unconstitutional only as applied to Appellants does not end the matter, because the legislature mandates that a court consider whether the unconstitutional application of a statute can be severed from its validly applied provisions. *See* 1 Pa.C.S. § 1925 (where "any provision of any statute *or the application thereof to any person or circumstance* is held invalid", courts must determine if the void provision may be severed from the remaining valid portions of the statute (emphasis added)); *Nextel Communications of Mid-Atlantic, Inc. v. Commonwealth, Dep't of Revenue*, 171 A.3d 682, 701 (Pa. 2017) (reasoning that Section 1925 requires severability analysis where statutory provision was invalidated as the result of as-applied constitutional challenge).

Section 1925 of the Statutory Construction Act creates a presumption of severability. 1 Pa.C.S. § 1925. However, this presumption is overcome (1) where "the valid provisions are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one"; or (2) where "the

remaining valid provisions, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent." *Robinson Twp. v. Commonwealth*, 147 A.3d 536, 559 (Pa. 2016) (citing Section 1925) (internal quotation marks omitted).

Here, Sections 303(c) and 901(a)(2) of the Game and Wildlife Code allow Commission officers to enter upon "any" property, "posted or otherwise." *See supra* note 3. Thus, given our decision today that entry onto property posted as is Appellants' property is unconstitutional, the question becomes whether the legislature would still have authorized the entry onto lands that are not "posted". I find nothing in these statutes to suggest the legislature would not have done so. Moreover, the untrammeled authority to enter onto lands that are not "posted" is capable of execution despite our decision. Accordingly, I find the unconstitutional application of Sections 303(c) and 901(a)(2) to be severable. *See Commonwealth v. Batts*, 163 A.3d 410 (2017) (severing parole code provision prohibiting paroling an individual condemned to serve life in prison from remainder of parole code as applied to juveniles convicted of first-degree murder), *abrogated on other grounds by Jones v. Mississippi*, 593 U.S. 98 (2021). Moreover, to the degree the majority suggests that a severance analysis must be premised on a court's ability to precisely identify offensive statutory language, *see* Majority Opinion at 81 n.25, Section 1925 indicates otherwise. *See* 1 Pa.C.S. § 1925 (mandating a severance analysis where a statute "or the application thereof to any person or circumstance is held invalid").

For the above reasons, I dissent to the majority's conclusion that Sections 303(c) and 901(a)(2) are facially invalid; rather, I find they are unconstitutional only as applied to Appellants.